# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON GAYNOR; NANCY GAYNOR,<br><br>Plaintiffs,<br><br>v.<br><br>CHAD SLADE; LINDA McCRAKEN; and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No.: 21cv777-GPC (NLS)<br><br>**ORDER DENYING DEFENDANTS' EX PARTE MOTION TO MODIFY SCHEDULING ORDER**<br><br>**[ECF No. 26]** |

Before the Court is Defendants' *ex parte* motion to modify the scheduling order. ECF No. 26. Plaintiffs filed an opposition to the motion. ECF No. 27. After due consideration and for the reasons stated below, the Court **DENIES** the motion.

In the instant motion, Defendants seek to extend the expert discovery disclosure dates by approximately two months due to their counsel's failure to calendar the dates. ECF No. 26 at 5. Specifically, Defendants seek to extend the date to exchange opening expert reports (April 8, 2022), exchange rebuttal expert reports (April 29, 2022), and complete expert discovery (May 30, 2022). Defendants' counsel states that he discovered the failure to calendar these dates on April 14, 2022 and raised the issue of modification of the scheduling order to Plaintiffs' counsel on April 19. ECF No. 26 at 5. Defendants argue that this mistake was the result of excusable neglect, because they request an

extension of only 60 days which would not prejudice Plaintiffs and the mistake was inadvertent.  *Id.* at 5-7.

Plaintiffs oppose the request, arguing that the reasons given do not constitute excusable neglect.  ECF No. 27.  Plaintiffs argue that Defendants' counsel provides no explanation of why he did not look at the scheduling order between August 4, 2021, when it was entered by this Court, and the date he realized the mistake on April 14, 2022.  *Id.* at 2-3.  Plaintiffs argue that this fails to show diligence on the part of Defendants.  *Id.* at 3.

Trial courts "set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties."  *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060, 1062 (9th Cir. 2005).  "Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to."  *Id.*  Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation."  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

A request to modify the scheduling order is governed by Federal Rules of Civil Procedure 16(b)(4) and "may be modified only for good cause and with the judge's consent."  The good cause standard articulated in Rule 16 focuses on the diligence of the party seeking to amend the scheduling order, and the reasons for seeking modification.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).  The district court may amend the scheduling order if it "cannot be met despite the diligence of the party seeking the extension."  *Id.* (citing Fed. R. Civ. P. 16 Advisory Committee Notes).

Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after

the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Courts look at four factors to determine if a party has established excusable neglect: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

When a party seeks to extend a deadline that has already passed, it must show that missing the deadline was the result of excusable neglect and that good cause exists to continue it. *See* Fed. R. Civ. P. 6(b)(1); Hon. Nita L. Stormes, Civil Case Procedures §§ III(C) and VI(C)(2)(d)); *LaNier v. United States*, Case No. 15cv360-BAS (BLM), 2017 WL 951040, at *4 (S.D. Cal. Mar. 10, 2017) (requiring a showing of good cause and excusable neglect if request for extension is made after deadline passes); *Herrera v. Hitman Fight Gear, LLC*, No. CV 12-7927 AG (VBKX), 2013 WL 12138586, at *3 (C.D. Cal. Nov. 18, 2013) (same).

Here, Defendants seek to extend one deadline that has passed (the April 8, 2022 deadline for opening expert reports) and two deadline which have not passed (the deadlines for rebuttal reports and close of fact discovery). For all these deadlines, however, the party seeking the request must show good cause, which requires a showing of diligence in attempting to meet the deadline. *LaNier*, 2017 WL 951040, at *4; *Herrera*, 2013 WL 12138586, at *3. "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. When the Court issued its August 4, 2021 scheduling order after the case management conference, the parties were put on alert as to their deadlines for fact and expert discovery in this case. ECF No. 19. Defendants' counsel has not provided the Court with any explanation that shows diligence in the eight months from when the scheduling order was issued and when the failure to calendar was discovered. While the Court is sympathetic to Defendants' counsel's situation, the law in

1  this Circuit requires a showing of diligence in order to support good cause to extend the
2  schedule.  Having failed to demonstrate diligence, the Court must **DENY** the motion.
3      **IT IS SO ORDERED.**
4  Dated:  April 28, 2022

Hon. Nita L. Stormes
United States Magistrate Judge