UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DON GAYNOR; NANCY GAYNOR, Plaintiffs, v. CHAD SLADE; LINDA McCRAKEN; and DOES 1 through 30, inclusive, Defendants. | Case No.: 21cv777-NLS **ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S EX PARTE MOTION FOR COUNSEL TO WITHDRAW** [ECF No. 36] |
|---|---|

Before the Court is Defendants' *ex parte* motion for permission for their counsel to withdraw. ECF No. 36. After due consideration and for the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** the motion.

### I. BACKGROUND

Plaintiffs brought this action against Defendants for breach of a promissory note on a piece of real property located in Montana. ECF No. 3. Defendants have been represented by their counsel, George Straggas ("Straggas"), since the start of the litigation when they filed their answer. ECF No. 6. The Court issued a scheduling order on August 4, 2021, and on September 7, 2021, the parties consented to magistrate jurisdiction. ECF Nos. 19, 24. On August 17, 2022, the Court held a Mandatory Settlement Conference, but the case did not settle. ECF No. 35.

Just prior to the settlement conference, on August 16, 2022, Defendants notified the Court that they retained a bankruptcy attorney, Deepalie Milie Joshi ("Joshi"), who indicated that it was their intention to file for bankruptcy within three to five weeks. ECF No. 36 at 3. Mr. Straggas states that he confirmed Defendants intention to file for bankruptcy on September 15. *Id.* However, to date, the Court has not been notified that such a petition has actually been filed.

## II.   DISCUSSION

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11-CV-2540-IEG WVG, 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013). "The decision to permit counsel to withdraw is within the sound discretion of the trial court." *Atkins v. Bank of Am.*, N.A., No. 15-CV-00051-MEJ, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citations omitted).

Mr. Straggas requests to withdraw because he states that he has reached "an irreconcilable divergence in case strategy" with Defendants, details of which he cannot divulge due to attorney-client privilege. ECF No. 36 at 3. He states that Defendants have consented to his withdrawal and agreed to represent themselves *in pro per*. *Id.* He also states that he has taken steps to minimize any potential prejudice to all parties by notifying his clients of their upcoming deadlines and notifying Plaintiffs' counsel of his request, to which they do not object. *Id.* at 3-4. He has also given the entire case file to Ms. Joshi. *Id.* at 4.

While the Court recognizes the difficult position Defendants' counsel finds himself, in its discretion, it does not find it appropriate to permit withdrawal at this time. Defendants have consented to their counsel's request to withdraw and California Code of Professional Conduct 1.16 does list this as a situation where counsel may request to withdraw. *See* Cal. Code Prof. Conduct 1.16(b)(4). However, even where there is client

consent, courts still evaluate the other factors listed above. *See Gurvey v. Legend Films, Inc.*, No. 09–CV–942–IEG (BGS), 2010 WL 2756944, (S.D. Cal. Jul. 12, 2010) (evaluating factors even where client consented to withdrawal).

The stage of the litigation is a factor that courts often emphasize when evaluating the request to withdraw. Courts are more willing to permit withdrawal earlier in the case, where chance of prejudice is usually lower. *See Sihler v. Fulfillment Lab., Inc.*, 20cv1528-LL-MSB, 2022 WL 623865, at *2 (S.D. Cal. Mar. 3, 2022)(finding no prejudice when case was in early stage and discovery had not been conducted); *Tan v. Quick Box, LLC*. *Gurvey v. Legend Films, Inc.*, No. 09–CV–942–IEG (BGS), 2010 WL 2756944, (S.D. Cal. Jul. 12, 2010) (no prejudice when case was still "in its infancy"). By contrast, they are less willing where the case is late in the proceedings or when deadlines are imminent because of increased prejudice. *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (denying withdrawal request after trial in this "late state of proceedings" because law firm was familiar with case and evidence presented at trial); *Edwards v. Vemma Nutrition*, No. CV-17-02133-PHX-DWL, 2019 WL 2492253, at *1 (D. Ariz. June 14, 2019) (denying motion to withdraw without prejudice in light of upcoming deadlines a week after the request).

Here, the case is at a late stage and there are imminent deadlines. Mr. Straggas conducted the fact and expert discovery in this case, and is the individual most familiar with the facts and evidence of the case that would be brought during trial. Transferring the case file to bankruptcy counsel, Ms. Joshi, does not alleviate the prejudice to the parties and Court in terms of adjudication of this case in federal court. Further, the final pretrial conference is set for October 28, 2022, with pretrial filings to begin starting September 30, 2022. ECF No. 19.

Moreover, though Defendants state that they plan to file for bankruptcy, the Court has not been notified that such a proceeding has been filed. Had the bankruptcy proceedings begun and this case stayed per the bankruptcy proceeding, Defendants could make a stronger case for lack of prejudice. *See Tan, 2022 WL 1085062, at *2* (finding no

prejudice where case had been stayed for six months pending bankruptcy proceedings). However, at this time, this case is set to more forward imminently with pretrial procedures and headed towards a trial.

### III. CONCLUSION

Thus, based on the factors and reasons discussed above, the Court **DENIES WITHOUT PREJUDICE** Defendants' counsel's request to withdraw at this time.

**IT IS SO ORDERED.**

Dated: September 27, 2022

Hon. Nita L. Stormes
United States Magistrate Judge